```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES D. BROWN,

                Plaintiff,              **DECISION**
v.                                      **and ORDER**

CITY OF ROCHESTER, PAUL HOLAHAN (As     09-CV-6307
Commissioner of Environmental Services),
and NORMAN JONES (As Manager of Building
Services),

                Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Charles D. Brown, ("Plaintiff" or "Brown"), brings this action *pro se* pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e), et seq. ("Title VII"), and 42 U.S.C. §1983 ("Section 1983"), against his former employer, the City of Rochester, ("the City") and two individual defendants, Paul Holahan ("Holahan") and Norman Jones ("Jones") in their official capacities, claiming that he was discriminated and retaliated against on the basis of his race/color in violation of Title VII, and deprived of due process and Constitutional rights in contravention of Section 1983.

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants, the City, Holahan and Jones (collectively "Defendants") cross-move for summary judgment dismissing Plaintiff's claims on grounds that he has failed to state a *prima facie* case of discrimination or retaliation, and that even if Plaintiff has stated a *prima facie*

case, he has failed to rebut the Defendants' legitimate, non-discriminatory reason for terminating Brown's employment. For the reasons set forth below, both Plaintiff's and Defendants' motions are denied.

## BACKGROUND

As best as can be gleaned from the Plaintiff's motion and his Complaint[1], *pro se* Plaintiff Charles Brown was an employee of the City of Rochester for approximately 10 years. He claims he was demoted and then wrongfully discharged in 2008 because he is black, and because he made complaints about his supervisor, defendant Jones. Plaintiff asserts claims pursuant to Title VII and Section 1983. Defendants oppose Plaintiff's motion and cross-move for summary judgment.

Plaintiff has not submitted a Statement of Material Facts as required by Local Rule of Civil Procedure 56.1. Likewise, Defendants have apparently failed to provide a "Notice to *Pro Se* Litigants Opposing Summary Judgment" as required by Local Rule of Civil Procedure 56.2[2]. Accordingly, Plaintiff's motion for summary judgment is denied with prejudice and Defendants' cross-motion for summary judgment is denied without prejudice.

---

[1] The Court acknowledges that it must liberally construe Plaintiff's pleadings and interpret his submissions to raise the strongest arguments that they suggest. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006).

[2] The motion filed with the Court by the Defendants did not include a *Pro Se* Statement/Notice as required by Local Rule 56.2, and no such statement has been filed separately with the Court.

2

**DISCUSSION**

I.  **Standard of Review on a Motion for Summary Judgment**

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In reaching this determination, "'the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party . . .'" Catalano v. State Farm Ins. Cas. Co., 2007 WL 295321, *3-4 (W.D.N.Y. 2007)(quoting Thomas v. Irvin, 981 F.Supp. 794, 799 (W.D.N.Y. 1997)).  A fact is "material" only if it has some effect on the outcome of the suit. Id. at *4 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party.  See Vezzetti v. Pellegrini, 22 F.3d 483, 485 (2d Cir. 1994).  "[P]roceeding *pro se*

3

does not otherwise relieve a litigant from the usual requirements of summary judgment." See Viscusi v. Proctor & Gamble, 2007 WL 2071546, * 9 (E.D.N.Y.2007).

It is well settled that Plaintiff's claims of employment discrimination and retaliation are analyzed under the burden-shifting framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). To establish a *prima facie* case of discriminatory discharge in violation of Title VII, plaintiff must demonstrate (1) he belongs to a protected class, (2) he was satisfactorily performing his duties, (3) he was discharged, and (4) his discharge occurred in circumstances giving rise to an inference of discrimination. See Id.

Plaintiff has not made the required demonstration of entitlement to judgment as a matter of law. Even when liberally viewing the record because Plaintiff is *pro se*, as the Court must do, there is no evidence in the record that supports the fourth element of a *prima facie* case of racial discrimination - i.e., that Plaintiff's discharge occurred in circumstances giving rise to an inference of discrimination based upon his race. See Lee v. ITT Standard, 268 F.Supp.2d 315, 332 (W.D.N.Y. 2002). "When a case turns on the fourth factor of the *McDonnell Douglas* burden-shifting test, . . ., such inference [of racial discrimination] may be

4

established by 'showing that the employer subjected him to disparate treatment, that is, treated him less favorably than similarly situated employees outside his protected group." Id. (quoting Graham v. Long Island Rail Road, 230 F.3d 34, 38 (2d Cir. 2000) (emphasis in original).

Here, there is no evidence in the record that the adverse employment actions Plaintiff sustained (demotion and eventual termination of his employment with the City) were motivated by discriminatory animus. Indeed, there is no indication in the record that the City treated black employees differently from similarly situated employees belonging to a different racial group. Plaintiff's conclusory statements that he was being "punished" and "picked on" by defendant Jones are not sufficient to support his motion for summary judgment. See Viscusi, at *11-12. Accordingly, Plaintiff's motion for summary judgment must be denied with prejudice.

Similarly, Defendants' cross-motion for summary judgment must be denied, where as here, they have not provided Plaintiff (a *pro se* litigant) with the requisite notice in accordance with the Local Rules of Civil Procedure. A failure to "apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal" of a district court's grant of summary judgment to the defendant. Vital v. Interfaith Medical Cntr., 168 F.3d 615, 620-21 (2d Cir. 1999); see also, Kepner v. Coleman, 208 F.3d 203 (2d Cir. 2000) ("Before summary

judgment may properly be entered against a *pro se* litigant, the district court must ensure that the litigant is given notice as to the nature of the motion for summary judgment and as to his obligations to respond to such a motion."); Dawson v. City of New York, 199 F.3d 1321 (2d Cir. 1999) (vacating summary judgment for the defendant because the district court had granted the motion without first ensuring that the *pro se* plaintiff was alerted to the fact that he needed to provide "'evidence in support of every assertedly genuine issue of material fact in his claim"'") (quoting MacPherson v. Coombe, 174 F.3d 276, 281 (2d Cir. 1999)); c.f., Harris v. Higley, 2009 WL 185989 (W.D.N.Y. 2009) (granting defendant's motion for summary judgment against *pro se* plaintiff where the plaintiff was given due notice under Local Rule 56.2).

Therefore, Defendants' motion must be denied without prejudice to renew once proper notice and opportunity to respond is given to Plaintiff.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is denied without prejudice to renew, and Plaintiff's motion for summary judgment is denied with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:    Rochester, New York
          September 16, 2010

6