```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES D. BROWN,

                Plaintiff,                   DECISION
v.                                           and ORDER

CITY OF ROCHESTER, PAUL HOLAHAN (As          09-CV-6307
Commissioner of Environmental Services),
and NORMAN JONES (As Manager of Building
Services),

                Defendants.
_____
```

Plaintiff Charles D. Brown, ("Plaintiff"), brings this action. *pro se,* against his former employer, the City of Rochester and two individual defendants, Paul Holahan and Norman Jones, claiming that he was deprived of due process and other unspecified constitutional rights in contravention of 42 U.S.C. § 1983.[1]

### **Defendants' Motion for Summary Judgment**

The instant motion is Defendants' second motion for summary judgment in this case. Defendants' first motion (Docket #25) was denied by this Court because Defendants failed to provide the *pro se* Plaintiff the requisite notice pursuant to Rule 56(b)[2] of the Local Rules of Civil Procedure ("Local Rule 56(b)"), as Ordered by this Court pursuant to its September 16, 2010 Decision and Order

---

[1] As this Court can best discern, Plaintiff's Complaint also alleges a claim for retaliation in violation of Title VII of the Civil Rights Act. However, in recent filings, Plaintiff appears to have abandoned his claim for racial discrimination under Title VII, stating that his claim is not about race and is not brought pursuant to Title VII. (Docket # 29, 32).

[2] Formerly Local Rule 56.2, *available at* http://www.nywd.uscourts.gov.

and a Scheduling Order dated October 29, 2009(Docket #27). Local Rule 56(b) states,

> Any party moving for summary judgement against a *pro se* litigant shall file and serve with the motion papers a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion for Summary Judgment" <u>in the form provided by the Court</u>. Failure to file and serve the form notice shall result in denial of the motion, without prejudice to proper renewal. Where the *pro se* party is <u>not</u> the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

(Emphasis added). The purpose of such notice is to apprise the *pro se* Plaintiff of the consequences of the failure to respond to a Motion for Summary Judgment and the need to provide evidence in admissible form in support of every element of his claim. <u>See Vital v. Interfaith Medical Center</u>, 168 F.3d 615 (2nd Cir. 1999). Defendants failed to provide the notice in the form provided by the Court pursuant to Local Rule 56(b). <u>See</u> Def. Notice of Motion (Docket #28). Instead, Defendants amended the notice and provided only the first paragraph of the form notice. The full notice would have apprised the Plaintiff of the consequences of Defendants' summary judgment motion and the need for Plaintiff to oppose the motion with particular documents demonstrating a genuine issue of material fact for trial. Further, the notice explains certain requirements of the Local Rules of Civil Procedure, which could assist the *pro se* Plaintiff in opposing this motion.

Therefore, Defendants' motion is denied without prejudice. Defendants are advised that further failure to follow this Court's

Order and the Local Rules with respect to the *Pro Se* Notice could result in a denial of future dispositive motions with prejudice.

**Plaintiff's Motion to Appoint Counsel**

This is Plaintiff's second motion for appointment of counsel. Plaintiff's first motion was denied by Magistrate Judge Jonathan W. Feldman on January 27, 2010. Judge Feldman, citing Hodge v. Police Officers, 802 F.2d 58, 61-61 (2d Cir. 1986), found that the legal issues involved in the case were not overly complex and that there was no "special reason" why counsel should be appointed for the Plaintiff, as Plaintiff was capable of presenting his case at that time. (Docket #14). Judge Feldman instructed Plaintiff to contact the *Pro Se* Office should he have any questions.

Plaintiff now moves for the appointment of counsel because he lacks sufficient knowledge of civil law to present his case and his case does not concern racial discrimination, as he originally asserted. (Docket #29). This Court finds that the Plaintiff's ability to represent himself in this case has not changed since Judge Feldman's initial Order denying his motion to appoint counsel. Plaintiff has not presented any new or special circumstances why he cannot represent himself in this case. Accordingly, Plaintiff's motion is denied. Plaintiff is again instructed to contact the *Pro Se* Office should he need further assistance with this case.

**ALL OF THE ABOVE IS SO ORDERED.**

```
                                    S/ Michael A. Telesca
                                 _____
                                      Michael A. Telesca
                                   United States District Judge
```

DATED:   Rochester, New York
         May 25, 2011